ORLANDO WADDINGTON, Appellant, v. ADALINE CHAPMAN WADDINGTON, Appellee.

No. 42522.

JUNE 23, 1934.

Wm. A. Hunt, for appellant.

Elmer K. Bekman, for appellee.

DONEGAN, J.—Appellant and appellee were married on the 26th day of January, 1932. Prior to their marriage they had been

going together for about two years and a half, and at the time of the marriage the appellee was about three or four months advanced in pregnancy. The marriage took place at Lancaster, Missouri, and after the marriage the appellant and appellee, together with the appellee's parents, returned to the home of appellee's parents about five miles north of Ottumwa. After they had reached the home of appellee's parents, the appellant indicated his intention of returning to the home of his parents and gave as his reasons therefor that his father was sick and that it was necessary for him to go home to do the chores. Appellee and her parents protested against this, and the appellant finally remained at the home of the appellee until the following morning. He then went to the home of his parents and remained there with the exception of two or three visits which he made to the home of the appellee. The last of these visits made by the appellant to the home of appellee's parents was on a Sunday, the 15th day of February, 1932. Following this visit, the appellant returned to the home of his parents, and on the 27th day of February, 1932, he commenced an action for divorce against the appellee on the ground of cruel and inhuman treatment. The cruel and inhuman treatment alleged was that the appellee, on the occasion of each of his visits at the home of her parents after the marriage, had used violent language, applied vile epithets to him, and threatened to shoot the appellant. The appellee answered denying the alleged grounds of cruel and inhuman treatment, and filed a cross-petition in which she asked for separate maintenance on the ground that plaintiff had willfully and without cause deserted and abandoned her and refused to live with her and provide a home for her, and that he had been guilty of such cruel and inhuman treatment as to endanger her life. Trial was had, and the district court of Wapello county dismissed the appellant's petition and entered a decree for separate maintenance in favor of appellee. From such decree the plaintiff appeals to this court.

Appellant contends that the evidence was such that the district court should have granted appellant a decree of divorce on the ground of cruel and inhuman treatment, and that the evidence of the appellee was insufficient to support the decree for separate maintenance entered in her favor. A reading of the record and of the briefs and arguments makes it quite apparent that the only question involved is one of fact. We have carefully read the transcript of the evidence which was certified to this court, and from such evi-

dence presented in the trial of the case we find no reason for disagreeing with the decision reached by the trial court. To have granted a decree of divorce in favor of the plaintiff on his petition would, in our opinion, be clearly against the weight of the evidence. We think the evidence presented in behalf of the appellee in support of her petition for separate maintenance is amply sufficient to sustain the decree in her favor, and that there was no error on the part of the district court in holding that the preponderance of the evidence was in favor of the appellee. A recital of the evidence would serve no useful purpose. We deem it sufficient to say that we find no cause for reversing the decree and judgment of the trial court, and the same is hereby affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, ALBERT, MITCHELL, and KINTZINGER, JJ., concur.